UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

v.

SEAN MERCHANT, a/k/a "Bronxwood,"
RUEBEN SANDS,
MARTIQUE MCGRIFF, a/k/a "Analyze,"
STEVEN LESANE, a/k/a "Steve-O"

18-CR-527 (KMW)

**OPINION AND ORDER**

Defendants.
-----------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

Defendants Sean Merchant, Reuben Sands, Martique Mcgriff, and Steven Lesane (the "Defendants") are charged with conspiracy to commit sex trafficking and substantive sex trafficking. (*See* Indictment, ECF No. 1.)

The Defendants seek the following pretrial relief: (1) Lesane moves to sever his conspiracy to commit sex trafficking count (Count One), from his substantive sex trafficking count (Count Seven), pursuant to Rule 8(b) (Reply by Def. Lesane, ECF No. 95, at 6–11.); (2) Mcgriff moves to sever his trial from the trial of his co-defendants pursuant to Rule 8(b) (Mem. Law Supp. by Def. Mcgriff, ECF No. 86, at 3–6.); (3) Lesane and Mcgriff each moves to sever his trial from the trial of his co-defendants (including each other) pursuant to Rule 14(a) (Mem. Law Supp. Mot. by Def. Lesane, ECF No. 82, at 2–6; Mem. Law Supp. by Def. Mcgriff, ECF No. 86, at 6–10.); (4) Lesane also moves to compel *Brady* and *Giglio* material at least sixty days before the start of trial (Lesane Mot. 7–9.).[1]

For the reasons stated below, the Defendants' motions are DENIED.

---

[1] Because Myrie pleaded guilty, (ECF No 108.), the Court does not address his pretrial motions in this opinion and order, (*See* Mem. Law Supp. Mot. by Def. Myrie, ECF No. 82.).

1

## DISCUSSION

### I. Rule 8

#### A. Lesane moves to sever trial of the charge in Count One from trial of the charge in Count 7, relying on Rule 8(b)

Although Lesane relies on Rule 8(b) in moving to sever trial of the charge in Count One (the conspiracy to commit sex trafficking charge) from trial of the charge in Count Seven (the substantive sex trafficking charge), it is Rule 8(a) that governs, because Lesane is the *only* defendant charged in Count Seven. *See Pizarro*, 2018 WL 1737236, at *3 ("[I]f the movant is the only defendant in the count he or she seeks to sever . . . Rule 8(a) provides the governing standard.").

Rule 8(a) of the Federal Rules of Criminal Procedure, which governs joinder of offenses, states that the "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980)). "Rule 8(a) does not require 'too precise an identity between the character of the offenses.'" *United States v. Pizarro*, No. 17-CR-151 (AJN), 2018 WL 1737236, at *3 (S.D.N.Y. Apr. 10, 2018) (Nathan, J.) (quoting *Werner*, 620 F.3d at 926).

Applying Rule 8(a), it is clear that Counts One and Seven are properly joined. In both counts, Lesane is alleged to have engaged in conduct—sex trafficking of women in New York through threats, force, and coercion—that easily qualifies as "similar" and "somewhat alike." Therefore, Lesane's motion to sever Count Seven is DENIED.

2

B.  **Mcgriff moves to sever his trial from the trial of his co-defendants because Mcgriff contends he is misjoined pursuant to Rule 8(b)**

Rule 8(b) of the Federal Rules of Criminal Procedure provides, in relevant part:

> Joinder of Defendants.
>
> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"[T]he 'same series of acts or transactions' language . . . mean[s] that 'joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme.'" *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quoting *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990)).

Under Rule 8, "[t]here is a preference . . . for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "This preference is particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998). As the Supreme Court explains:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

*Id.* (omission in *Salameh*) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

With respect to conspiracy charges, "[t]he established rule is that a non-frivolous conspiracy charge is sufficient to support joinder." *United States v. Sezanayev*, No. 17-CR-262 (LGS), 2018 WL 2324077, at *2 (S.D.N.Y. May 22, 2018) (Schofield, J.) (quoting *United States*

3

*v. Nerlinger*, 862, F.2d 967, 973 (2d Cir. 1988)); *see also United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988) ("The mere allegation of conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants have engaged in the same series of acts or transactions constituting an offense." (quoting *United States v. Castellano*, 610 F. Supp. 1359, 1396 (S.D.N.Y. 1985) (Sofaer, J.))).

Mcgriff's motion for severance pursuant to Rule 8(b) is meritless. The conspiracy charge contained in the indictment in this case is not frivolous. Accordingly, the Defendants are properly joined pursuant to Rule 8(b). McGriff's motion for severance is therefore DENIED.

## II. Rule 14(a)

Apart from severance under Rule 8, Lesane and Mcgriff each moves, under Rule 14(a), to sever his trial from the trial of his co-defendants (including each other) due to the risk of spillover prejudice.

Rule 14(a) of the Federal Rules of Criminal Procedure provides, in relevant part, that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"A defendant seeking severance under Rule 14 has the 'extremely difficult burden,' of proving not merely that he would be prejudiced by a joint trial, but that the prejudice would be so great as to deprive him of his right to a fair trial." *United States v. Bellomo*, 954 F. Supp. 630, 649 (S.D.N.Y. 1997) (Kaplan, J.) (quoting *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989)); *see also Zafiro*, 506 U.S. at 539 ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

4

innocence."). "[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (alteration in *Spinelli*) (quoting *United States v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983)). "Even 'joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible.'" *Id.* (quoting *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993)).

Even where the risk of prejudice is high, "'less drastic measures [than severance], such as limiting instructions, often will suffice' to cure any risk of prejudice and permit joinder." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (alteration in *Page*) (quoting *Zafiro*, 506 U.S. at 539). Consequently, "[t]he principles that guide the district court's consideration of a motion for severance usually counsel denial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993).

In their motions for severance pursuant to Rule 14(a), Lesane and Mcgriff contend that evidence of the misconduct of Merchant and Myrie, which includes evidence of recruitment of minor victims, will deprive Lesane and Mcgriff of a fair trial. (Mcgriff Mot. 8; Lesane Mot. 4–6.)[2] This is so, according to Lesane and Mcgriff, because sex trafficking involving minors is considerably more heinous than sex trafficking involving adults, and Lesane and Mcgriff are charged only with the latter. (*Id.*) The Court recognizes that sex trafficking of minors is more incendiary than sex trafficking of adults. However, the indictment charges Lesane and Mcgriff with conspiracy to commit sex trafficking of both adult women *and minor girls*. (Indictment, ¶¶

---

[2] Mcgriff also argues that severance is warranted because a joint trial "would allow a voluminous quantum of evidence to be admitted that would otherwise be inadmissible against Mr. Mcgriff and is irrelevant to the question of whether [Mcgriff] committed the charged crimes." (Mcgriff Mot. 8.) This argument is not compelling, for two reasons. First, Mcgriff fails to explain what evidence would be inadmissible against him. Second, because Mcgriff is charged with conspiracy to commit sex trafficking, any evidence admitted against his co-defendants to prove that conspiracy would be admissible against Mcgriff. *See United States v. Salameh*, 152 F.3d 88, 111 (2d Cir. 1998) ("Where a defendant is a member of a conspiracy, all the evidence admitted to prove that conspiracy, even evidence relating to acts committed by co-defendants, is admissible against the defendant." (citing *United States v. Cunningham*, 723 F.2d 217, 203 (2d Cir. 1983))).

5

1–3.) Thus, any prejudice entailed by evidence concerning minor victims is not the result of "spillover prejudice," but rather is evidence of the sex trafficking conspiracy with which Lesane and Mcgriff are charged. Moreover, the difference in egregiousness between *conspiracy* to commit sex trafficking of minor girls and *substantive* sex trafficking of minor girls is not so great that Lesane and Mcgriff would be deprived of a fair trial simply by being tried together with Merchant and Myrie. *See Spinelli*, 352 F.3d at 55.

Finally, any resulting prejudice can be cured through a limiting instruction, reminding the jury that they must separately consider each individual defendant's guilt or lack thereof, and, in doing so, rely upon only the evidence admitted against the particular defendant they are considering. *See Zafiro*, 506 U.S. at 540–41; *Rittweger*, 524 F.3d at 179.

Lesane's and Mcgriff's motions for severance pursuant to Rule 14(a) are therefore DENIED.

### III. Lesane seeks production of *Brady* and *Giglio* material at least sixty days before the start of trial

Under *Brady v. Maryland*, 373 U.S. 83, 83 (1963), the government "has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001). "This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness." *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). There is no bright-line rule concerning when the government must turn over *Brady* or *Giglio* information in its possession; the Second Circuit has often "reiterate[d] the longstanding constitutional principle that as long as the defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

6

Here, the government represents that it recognizes its obligations under *Brady* and *Giglio* and will comply with them. (ECF No. 92, at 23–26.) This satisfies the government's obligations under *Brady* and *Giglio* at this juncture. *See, e.g., United States v. Reyes*, 417 F. Supp. 2d 257, 260–61 (S.D.N.Y 2005) (Swain, J.) (denying defendants' motion to compel production of *Brady* and *Giglio* material because the government represented that it understood its disclosure obligations and would timely disclose any *Brady* and *Giglio* information); *Ikoli*, 2017 WL 396681, at *3 (same). Therefore, Lesane's motion for production of *Brady* and *Giglio* material at least sixty days before the start of trial is DENIED. The government is nevertheless directed to confer with defense counsel and provide the Court with an anticipated timeline for the required disclosures.

## CONCLUSION

For the foregoing reasons, the Defendants' motions are DENIED. The Clerk of Court is directed to close the motions at ECF Nos. 81, 85, and 88.

SO ORDERED.

Dated: New York, New York
August 12, 2019

_____
KIMBA M. WOOD
United States District Judge