UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

v.

STEVEN LESANE,

Defendant.

-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/20

18-CR-527 (KMW)

**OPINION AND ORDER**

KIMBA M. WOOD, United States District Judge:

Pending before this Court is Defendant Steven Lesane's motion to withdraw the guilty plea he entered on September 16, 2019. For the reasons set forth below, his motion is denied.

## BACKGROUND

On December 10, 2018, a Grand Jury returned a Superseding Indictment charging Lesane with one count of conspiracy to commit sex trafficking under Title 18, United States Code, Section 1594(c), and one count of sex trafficking under Title 18, United States Code, Sections 1591(a), (b)(1), and 2. (ECF No. 38.) The charged conspiracy occurred between January 2016 and June 2018. During that time, Lesane and four co-conspirators allegedly recruited women and minor girls for prostitution. The substantive sex trafficking count charged Lesane with trafficking an adult woman through force, threats of force, fraud, coercion, or a combination of those means, from September 2010 to December 2011. Lesane was arrested on December 13, 2018.

The Government continued to investigate Lesane and learned of four additional women and girls whom Lesane had trafficked. (Gov Opp'n at 2-3, ECF No. 172.) In late August 2019,

1

the Government provided Lesane with a proffer of its expanded understanding of Lesane's conduct and informed Lesane that it intended to seek a superseding indictment. (*Id.* at 3.)

On September 16, 2019, pursuant to a plea agreement, Lesane waived indictment and pleaded guilty to a Superseding Information charging him with one count of sex trafficking two minors from the summer of 2009 through 2012, in violation of Title 18, United States Code, Sections 1591(a), (b)(2) and 2. (Def. Br. at 1-2, ECF No. 167; Superseding Information, ECF No. 138.) At the plea hearing, Lesane engaged in a thorough colloquy and allocution. Magistrate Judge Ona T. Wang determined that Lesane was fully competent to enter an informed plea, that he understood the nature of the charges and the consequences of the plea, that the plea was voluntary, and that a factual basis for the plea existed. (Plea Tr. 19:15-25.) This Court accepted the plea on September 18, 2019. (ECF No. 141.)

By letter dated October 3, 2019, Lesane, through counsel, requested that the Court appoint additional counsel under the Criminal Justice Act (CJA) to "review Mr. Lesane's plea and assist Mr. Lesane in evaluating any options he may have." (ECF No. 145.) On October 15, 2019, the Court appointed Michael Gilbert for that purpose. The Court relieved Lesane's original counsel and set a briefing schedule for the present motion on November 20, 2019.

## DISCUSSION

A criminal defendant has "no absolute right to withdraw his plea of guilty" before his sentencing. *United States v. Williams,* 23 F.3d 629, 634 (2d Cir. 1994). A district court may nonetheless grant such relief under Federal Rule of Criminal Procedure 11(d)(2)(B) if the defendant puts forward a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Reyes,* 13 F.3d 638, 639 (2d Cir. 1994). To determine whether the defendant has shown a "fair and just reason" for withdrawal, courts "consider[], *inter alia,* (1) whether the defendant has

2

asserted his legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion . . . ; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004). A court may also look to whether the defendant has raised a "significant question" about the voluntariness of the plea he seeks to withdraw. *Id.* (quoting *United States v. Torres*, 129 F.3d 710, 715. (2d Cir. 1997)).

Whatever the alleged grounds for the motion to withdraw a guilty plea, "[t]he standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018) (quoting *Schmidt*, 373 F.3d at 103). That "a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992).

Here, in addition to arguing that the timing and prejudice factors weigh in favor of granting withdrawal, Lesane attacks the validity of the plea on three grounds. First, he argues that the Superseding Information to which he pleaded guilty improperly charged him with the broader version of Title 18, United States Code, Sections 1591 (b)(2) in place at the time of his plea, rather than with the version in place at the time of the charged conduct. Second, he argues that his plea was not supported by an adequate factual basis. And third, he argues that ███████ ███████ impaired his judgment and reasoning during the plea hearing. Lesane does not assert his legal innocence.

3

## I.      The Timing of Defendant's Motion to Withdraw His Plea

Allowing a defendant to withdraw his guilty plea is more likely to serve the interests of fairness and justice where the period between the time of the plea and the time of the motion to withdraw it is short. *See Schmidt*, 373 F.3d at 102.   A "'swift change of heart' may 'indicate [a] plea made in haste or confusion.'" *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008) (quoting *Gonzalez*, 970 F.2d at 1100).

The outer bounds of reasonable delay are not defined.  Court have found that four months, for example, is too long a period to support withdrawal.  *See, e.g., United States v. Albarran*, 943 F.3d 106, 123 (2d Cir. 2019); *United States v. Fernandez*, 734 F. Supp. 599, 603 (S.D.N.Y. 1990) (Walker, J.); *United States v. Fantauzzi*, 260 F. Supp. 2d 561, 565 (E.D.N.Y. 2003).  A delay of one month, "while not short, is not excessively long." *United States v. Hernandez*, No. 99-cr-73, 2002 U.S. Dist. LEXIS 17611, at *12 (S.D.N.Y. Sep. 18, 2002) (Schwartz, J.); *see also, United States v. Peralta*, No. 18-3290-cr, 2019 U.S. App. LEXIS 35596, at *5-6 (2d Cir. Nov. 25, 2019)..

Although Lesane formally announced that he intended to withdraw his plea two months after it was entered, he registered his discomfort with the plea much sooner.  A little over two weeks after he pleaded guilty, his counsel asked the Court to appoint new representation to assist Lesane in "evaluating any options" available to him with respect to the plea. (ECF No. 145.)  It is this soon-arising interest in reevaluating the plea that bears on Lesane's state of mind and the fairness and justice of granting withdrawal.  The two-month period between his plea and formal notice that he would move to withdraw it—encompassing ordinary scheduling lags and time spent by Lesane's new counsel familiarizing himself with the matter—is a misleading measure of his motives.

Overall, the timing of his motion weighs in favor, albeit weakly, of granting withdrawal. Had Lesane explicitly argued that his plea was impulsive, this factor might be more relevant. *See Fernandez*, 734 F. Supp. at 603. Regardless, it is insufficient on its own to tilt the scales in favor of granting withdrawal. *See Peralta*, U.S. App. LEXIS 35596, at *6 ("Even when defendants quickly request to withdraw their guilty pleas, we have found such requests insufficient when the defendant has not otherwise demonstrated grounds to justify withdrawal.").

## II.    Prejudice to the Government Resulting from Withdrawal of the Plea

The Government contends that it would suffer substantial prejudice were the Court to grant Lesane's motion. "The Government is not required to show prejudice when opposing a defendant's motion to withdraw a guilty plea where the defendant has shown no sufficient grounds for permitting withdrawal; however, the presence or absence of such prejudice may be considered by the district court in exercising its discretion." *United States v. Rosen*, 409 F.3d 535, 546 (2d Cir. 2005) (citing *Gonzalez*, 970 F.2d at 1100).

The Government states that it halted its ongoing investigation when Lesane pleaded guilty. (Gov. Opp'n. at 11, ECF No. 172.) According to its submission, the Government interviewed new potential witnesses as late as five days before the plea; immediately after the plea, the law enforcement personnel involved in the investigation shifted their attention to other matters. (*Id.*) If the Court were to permit Lesane to withdraw his plea, the Government explains, it would resume the investigation, deploying duplicative and additional resources. (*Id.*) Preparing for a trial would demand substantial effort and require those witnesses harmed by Lesane's conduct to revisit traumatic experiences. Prejudice to the Government weighs in favor of denying Lesane's motion to withdraw his plea.

## III.    The Validity of the Plea

### A.  The Statutory Language in the Superseding Information

Federal Rule of Criminal Procedure 7(c) requires that an Indictment or Information contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).  A charging instrument is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The Superseding Information here bore a slight irregularity.  Congress amended Title 18, United States Code, Section 1591(b)(2) in 2015.  The conduct charged in the Superseding Information occurred from 2009 through 2012, predating the 2015 amendments.  Thus, the Superseding Information should have tracked the statute's pre-2015 language.  *See United States v. Smith*, 354 F.3d 171, 173 (2d Cir. 2003) ("[I]t is the law at the time of the offense . . . that governs.").  Instead, it tracked Title 18, United States Code, Section 1591(b)(2)'s *current*, post-2015 language.

But for present purposes, the differences are immaterial.  Both the pre-2015 and post-2015 versions of Section 1591(b)(2) criminalize "recruit[ing]," "entic[ing]," "harbor[ing]," "transport[ing]," "provid[ing]," or "obtain[ing]" a minor to engage in a commercial sex act.  The post-2015 version includes additional means of promoting sex trafficking not included in pre-2015 version—namely "advertiz[ing]," "patroniz[ing]," and "solicit[ing]" minors.  The Superseding Information alleged that Lesane used all these methods to traffic minors—those enumerated in the pre-2015 version and those added in the post-2015 version.  In effect, the Information's "error" was containing superfluous allegations.

6

At the plea hearing, Lesane allocuted to "provid[ing]" two minors for commercial sex acts. That language ("provid[ing]") appears in both versions of the statute. If the offense charged in the Superseding Information or described during the plea allocution could be illegal under only the post-2015 version of the statute, Lesane might have a persuasive argument that his plea lacked a factual basis or that he suffered prejudice of some other variety. But the Government is correct—and Lesane does not directly dispute—that his charged and admitted conduct violated both the pre-2015 and post-2015 versions of Section 1591(b)(2).

It bears noting that Lesane does not allege that the language of the Superseding Information misled him or failed to put him on notice of the charges against him, such that his decision to plead guilty and forego trial was made without adequate knowledge or intelligence. Nor does he argue that his plea was unknowing or involuntary as a result of his former counsel's ineffective assistance in relation to the Superseding Indictment.

## B. The Factual Basis for the Plea

Lesane next contends that his plea lacked an adequate factual basis for the "interstate commerce" element of Section 1591. In sex trafficking cases, the Government must prove that the defendant's activity had a *de minimis* effect on interstate commerce in order to meet its burden with respect to that element. *United States v. Rivera*, No. 09-cr-619, 2012 U.S. Dist. LEXIS 85090, at *48-49 (E.D.N.Y. June 19, 2012) (Feuerstein, J.). A court may rely on any facts on the record to satisfy itself that there exists a factual basis for a plea, including facts drawn from the defendant's admissions and the plea agreement. *See United States v. Graziano*, 306 F. App'x 693, 694–95 (2d Cir. 2009); *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006).

Here, Lesane admitted to "provid[ing] for commercial sex acts two individuals who had not yet attained the age of 18 and caus[ing] them to engage in at least one commercial sex act in the Bronx, New York." (Plea Tr. 16:13-19.) He also admitted that he "received at least part of the money" those individuals earned. (*Id.*) In the plea agreement, he stipulated that a two-point Guidelines enhancement applied because "the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of Victim-2 to engage in prohibited sexual conduct." (Plea Agreement at 3.) These facts establish the *de minimus* interstate commerce nexus necessary to support Lesane's plea.

### C. Impairment Due to a ███████████ During the Plea Hearing

Lastly, Lesane states that ████████████████████████ "severely impact[ed] him." (Def. Br. at 12.) He implies, but does not expressly state, that ████████ ████ rendered his plea involuntary. The record belies this claim.

"There is a 'strong presumption of accuracy' accorded a defendant's statements during a plea allocution." *Acevedo v. United States*, No. 10-cv-5544, 2012 U.S. Dist. LEXIS 123993, at *11 (S.D.N.Y. Aug. 30, 2012) (Stein, J.) (quoting *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001)). Given that presumption, "a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony." *Juncal*, 245 F.3d at 171. Generally, to raise a serious question about a plea's voluntariness, the defendant must put forward more than "bald statements that simply contradict what he said at his plea allocution." *Torres*, 129 F.3d at 715.

Lesane has not done so. At the time of the plea, he ████████████████████ Unbeknownst to him then, ████████████ During the plea hearing, he assured Judge Wang that ████████ had no impact on his "ability to see, hear, think, reason, understand, or make

8

decisions or judgments[.]" (Plea Tr. 6:5-7.)  He acknowledged that he was able to understand everything that was said to him; that he felt well; that he had seen, understood, and discussed with his attorney the Superseding Information; that he was satisfied with his attorney's representation; that he had a full opportunity to discuss the case and the consequences of pleading guilty with his attorney; and that he was ready to plead guilty.  (Plea Tr. 6:18-7:19.) Only "later," according to his motion, did he realize that ███████████ had impaired his reasoning and judgment.  Absent an affidavit or other supporting evidence, the Court finds no reason to credit this late-breaking revelation over his sworn assertions during the plea proceedings.  Lesane has not raised doubts about the voluntariness of his plea sufficient to warrant withdrawal.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to withdraw his guilty plea is DENIED.

SO ORDERED.

Dated: New York, New York
February 11, 2020

KIMBA M. WOOD
United States District Judge