UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

                v.

STEVEN LESANE,

                Defendant.

-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  July 23, 2021
```

18-CR-527 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Steven Lesane ("Defendant" or "Lesane") has filed a *pro se* motion seeking reconsideration of the February 11, 2020 Opinion and Order denying Lesane's motion to withdraw his guilty plea. In the alternative, Lesane requests that the Court hold a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979) (a "*Fatico* hearing"). (ECF Nos. 237, 241.) The Government opposes the motion. For the reasons set forth below, Lesane's motion is DENIED.

## BACKGROUND

On December 10, 2018, a grand jury returned a superseding indictment charging Lesane and four co-conspirators in connection with several violations of 18 U.S.C. §§ 1591 and 1594. (*See* Gov't Opp'n at 1, ECF No. 242; Superseding Indictment, ECF No. 38.) Specifically, Lesane was charged with one count of conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and one count of sex trafficking, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 2. (Gov't Opp'n at 1; Superseding Indictment ¶¶ 1-3, 12.)

On September 16, 2019, Lesane waived indictment and pleaded guilty, pursuant to a plea agreement (the "Plea Agreement"), to a superseding information (the "Superseding Information"). The Superseding Information charged Lesane with one count of sex trafficking

a 14-year-old minor victim and a 17-year-old minor victim, in violation of 18 U.S.C. §§ 1591(a), (b)(2). (Plea Agreement at 1, ECF No. 239, Ex. A; Superseding Information ¶ 1, ECF No. 138.[1]) At the plea hearing before Magistrate Judge Ona T. Wang, Lesane was represented by four attorneys from Wachtell, Lipton, Rosen & Katz ("Wachtell"), appointed pursuant to the Criminal Justice Act. (Gov't Opp'n at 2.) Lesane was allocuted with respect to his plea and the terms of the Plea Agreement, and he made several admissions, under oath, concerning the sex trafficking in which he had engaged. (*See id.* at 2-3.) On September 18, 2019, this Court accepted Lesane's plea. (*Id.* at 3; ECF No. 141.)

Approximately two months later, on December 12, 2019, Lesane—represented by current counsel, Michael J. Gilbert—moved to withdraw his guilty plea. (ECF No. 166.) On February 11, 2020, the Court denied the motion. (Feb. 11, 2020 Op., ECF No. 186.) The Court concluded, *inter alia*, that prejudice to the Government weighed in favor of denying the motion; there was an adequate factual basis for Lesane's guilty plea; and Lesane had not raised doubts as to the voluntariness of his plea that would be sufficient to warrant withdrawal. (*See id.* at 5-9.)

On May 6, 2021, Lesane wrote a letter requesting that the Court hold a *Fatico* hearing if the "motion for a rehearing on [Lesane's] motion to withdraw the plea" is denied. (ECF No. 241.) On May 25, the Court received Lesane's *pro se* motion for reconsideration of the Court's February 11, 2020 Opinion. (ECF No. 237.[2]) On June 22, the Government filed an opposition. On June 30, Lesane filed a reply. (ECF No. 245.) Lesane also has filed a letter,

---

[1] In its opposition, the Government incorrectly states that Lesane pleaded guilty to one count of *conspiracy* to commit sex trafficking. (*See* Gov't Opp'n at 2; Let. at 1, ECF No. 246.) This descriptive error does not impact the substance of this Opinion & Order.

[2] As the Government notes, Michael J. Gilbert, Lesane's attorney, has neither filed a formal motion for reconsideration of the Court's February 11, 2020 Opinion nor asked the Court to hold a *Fatico* hearing. (*See* Gov't Opp'n at 1 n.1.)

2

dated July 9, containing an additional exhibit to his motion (ECF No. 244), and a letter, dated July 7, addressing a specific statement in the Government's opposition. (ECF No. 246).

## LEGAL STANDARDS

The purpose of a motion for reconsideration is to bring to the Court's attention facts or law that the Court previously overlooked. *United States v. Valentine*, 2018 WL 10140181, at *1 (S.D.N.Y. Sept. 5, 2018) (Seibel, J.). Motions to reconsider should not be granted when the movant "seeks solely to relitigate an issue already decided." *United States v. Cajigas*, 2021 WL 1392008, at*1 (S.D.N.Y. April 12, 2021) (Marrero, J.) (citations omitted).

With respect to withdrawing a plea, a criminal defendant has "no absolute right to withdraw his plea of guilty" before sentencing. *United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994). A court may, however, grant relief pursuant to Federal Rule of Criminal Procedure 11(b) if the defendant shows a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008). When evaluating whether a defendant has shown a fair and just reason for withdrawal, a court considers "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *Id.* at 210. In addition, a court may consider whether a defendant has raised a "significant question" about the voluntariness of the plea. *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

The standard for withdrawing a guilty plea is "stringent." *Doe*, 537 F.3d at 211. That "a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States* v. *Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992).

When a guilty plea is challenged based on claims of ineffective assistance of counsel,

3

courts apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g.*, *Morrison v. United States*, 2021 WL 1635852, at *2 (S.D.N.Y. Apr. 16, 2021) (Preska, J.); *United States v. Poupart*, 2012 WL 5058676, at *4 (D. Conn. Oct. 18, 2012). In order to satisfy *Strickland*, a defendant must show that (1) counsel's performance "fell below an objective standard of reasonableness"; and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Morrison*, 2021 WL 1635852, at *2 (quoting *Strickland*, 466 U.S. at 694). In the context of a plea agreement, a defendant must therefore demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION[3]

### I. Motion for Reconsideration

As an initial matter, Lesane has not made any showing that warrants reconsideration of the analysis set forth in the Court's February 11, 2020 Opinion. Lesane does not assert that he is innocent; the Government would be prejudiced by a withdrawal of the plea; and Lesane has not raised doubts about the voluntariness of the plea that would be sufficient to allow withdrawal. (*See* Feb. 11, 2020 Op. at 5-9.) Rather, Lesane makes several arguments that his prior counsel provided ineffective assistance. None of these arguments, however, is persuasive.

#### A. Interstate Commerce Nexus

First, Lesane argues that Wachtell did not inform him that he could file a motion to dismiss the indictment based on the absence of a nexus with interstate commerce. (Mot. at 9-

---

[3] Any arguments raised by Lesane but not specifically addressed below have been considered by the Court on the merits and rejected. Because Lesane has filed the instant motion *pro se*, the Court construes his submissions liberally. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

19, ECF No. 237.[4])    At the plea hearing, however, Lesane stated that he had read the Superseding Information, had a full opportunity to discuss the case with his attorneys, was satisfied with their representation of him, and understood the consequence of pleading guilty. (Plea Tr. at 6-7, ECF No. 143.)    In addition, David Anders (one of Lesane's attorneys from Wachtell) represented that he did not know of any defense that would prevail at trial, or any other reason why Lesane should not be permitted to plead guilty.    (*Id.* at 17.)

In any event, this argument fails the first prong of the *Strickland* test, because the motion that Lesane contemplates would have been futile.    As the Government points out, Lesane (and his co-defendants) repeatedly used internet advertisements to promote and facilitate their sex trafficking operations, and such conduct supports an inference that interstate commerce was affected.    (*See* Gov't Opp'n at 5; *United States v. Corley*, 679 F. App'x 1, 6 (2d Cir. 2017) (summary order).)    Indeed, in the Plea Agreement, Lesane stipulated that "the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of Victim-2 to engage in prohibited sexual conduct."    (Plea Agreement at 3 ¶ 9.)    For this reason, among others, the Court previously found that the facts to which Lesane admitted established the *de minimis* interstate commerce nexus necessary to support his plea. (*See* Feb. 11, 2020 Op. at 7-8.)    Accordingly, any decision not to file a motion to dismiss based on an interstate commerce nexus was not objectively unreasonable.

### B.  *Statute of Limitations*

Second, Lesane argues that Wachtell "did not advocate that the statute of limitation[s] had passed" for certain enhancements in his Plea Agreement and did not advise him that "an

---

[4] The page references herein reflect the electronic pagination generated by ECF, rather than the handwritten pagination of Lesane's motion.

upward departure could expose him to a sentence at the high end of 262 months or above." (Mot. at 11, 11-19.)

This claim is directly contradicted by the transcript of the plea hearing. Lesane was advised that the Plea Agreement states that the guidelines sentencing range can be expected to be between 210 to 262 months; that he faced a maximum sentence of life imprisonment; that the sentencing judge would not be bound by this stated range; and that the sentencing judge would have discretion to impose a sentence above or below that range. (Plea Tr. at 12-13.) Lesane stated unequivocally that he understood these terms. (*See id.*) Accordingly, the argument that Lesane was not advised of his potential sentencing exposure is unconvincing.

### C. Online Advertisements

Third, Lesane argues that Wachtell should have raised certain issues relating to the online advertisements used to traffic one of the victims identified in the Superseding Information. (*See* Mot. at 21-33.) It is not clear what type of motion Lesane believes Wachtell should have filed, or how Lesane "could have created a defense to prevail at trial." (*See id.* at 27-29.)

Regardless, Lesane acknowledges that the victim in question informed the Government about the use of internet posts in connection with the sex trafficking operations. (*See* Mot. at 29.) And, as explained above, the facts to which Lesane admitted establish the *de minimis* interstate commerce nexus necessary to support his plea. Lesane thus has not demonstrated that any claim regarding the online advertisements was "meritorious," nor that there was a "reasonable probability that the verdict would have been different absent the excludable evidence." *Maldonado v. Burge*, 697 F. Supp. 2d 516, 525 (S.D.N.Y. 2010) (Holwell, J.) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

### D. Sentencing Enhancements

Fourth, Lesane argues that Wachtell should have challenged certain enhancements in the

6

Plea Agreement. (*See* Mot. at 35-59.) This claim, however, is directly contradicted by the transcript of the plea hearing, because Lesane specifically stipulated to these enhancements when entering into the Plea Agreement. At the hearing, Lesane stated that he had read the Plea Agreement; signed it; discussed it with his attorneys; and that his attorneys had explained all of its terms and conditions. (Plea Tr. at 12.) That Lesane now wishes to challenge certain stipulations does not provide a basis for withdrawing the plea or reconsidering the February 11, 2020 Opinion. In addition, Lesane has not demonstrated that any decision not to contest these stipulations was objectively unreasonable, nor that he would have insisted on going to trial rather than pleading guilty.[5] *See Poupart*, 2012 WL 5058676, at *4 (citing *Strickland*, 466 U.S. at 687-94 and *Hill*, 474 U.S. at 58-59.)

### E. Motion to Suppress

Fifth, Lesane argues that Wachtell should have filed a motion to suppress relating to the search of his cellular phones. (Mot. at 61-69.) When an ineffective assistance of counsel claim is premised on a failure to make a suppression motion, the defendant must prove that "the underlying suppression claim was 'meritorious'" and that "there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Maldonado*, 697 F. Supp. 2d at 525 (quoting *Kimmelman*, 477 U.S. at 375).

The suppression motion that Lesane contemplates would have been futile. As the Government points out, the search at issue was conducted pursuant to a judicially-authorized search warrant, and the returns from the warrant were produced during discovery. (Gov't Opp'n at 6.) Lesane has not established any prejudice in connection with any alleged technical

---

[5] At this stage, the Court holds only that Lesane has not demonstrated valid grounds for reconsideration of the February 11, 2020 Opinion, withdrawal of his plea, or a claim of ineffective assistance of counsel. The Court expresses no opinion as to the offense level or criminal history category applicable to Lesane for purposes of sentencing. The Court will address those two issues at the sentencing proceeding that is scheduled to take place on July 27, 2021. (*See* ECF No. 240.)

compliance issues in returning the search warrant. *See United States v. Bryant*, 2020 WL 5659646, at *6 (S.D.N.Y. Sept. 23, 2020) (Román, J.) (discussing Fed. R. Crim. P. 41(f)(1)(D)).

### F. Strickland *Prejudice*

In sum, as discussed above, the Court is not persuaded by any of Lesane's arguments and finds that Lesane has not demonstrated any errors by Wachtell that would be sufficient to satisfy the first prong of *Strickland*. It bears noting, however, that even if Lesane had identified any such errors, his ineffective assistance of counsel claims would fail because he has not shown, to a reasonable probability, that but for such errors, he would not have pleaded guilty and would instead have gone to trial. *See Morrison*, 2021 WL 1635852, at *4.

As the Government states, the investigation that led to Lesane's prosecution has resulted in the prosecution of nineteen individuals, each of whom has been convicted of sex trafficking offenses. (Gov't Opp'n at 6.) Lesane has not proposed a viable trial defense, nor has he offered any proof that he could have avoided conviction following a trial. *See Morrison*, 2021 WL 1635852, at *4. Lesane's detailed plea allocution also does not provide any reason to doubt the strength of the Government's case. *See id.* (citing *Glover v. United States*, 2015 WL 11281553, at *5 (S.D.N.Y. Oct. 23, 2015) (Seibel, J.)). Moreover, entering a guilty plea conferred a number of benefits on Lesane. He was permitted, for example, to plead guilty to an offense with a mandatory minimum sentence of 10 years, as compared to the mandatory minimum of 15 years associated with the charges in the Superseding Indictment. (*See* Gov't Opp'n at 6.) In exchange for Lesane's guilty plea, the Government also has agreed to dismiss the open charges in the Superseding Indictment after sentencing. (*See id.* at 6-7.)

Given these circumstances, Lesane has not established prejudice pursuant to *Strickland*, and his ineffective assistance of counsel claims must fail.

**II.     Request for a *Fatico* Hearing**

In the alternative, Lesane requests that the Court hold a *Fatico* hearing.  (*See* ECF No. 241.)   The Court denies this request.   The Government has stated that it will address any factual objections to the final Presentence Investigation Report ("PSR") in its sentencing submission.   (Gov't Opp'n at 1 n.1.)   In addition, Lesane's own sentencing submission, submitted through counsel, does not seek a *Fatico* hearing.   (*See* ECF No. 239.)   The Court will address any objections to the PSR at Lesane's sentencing proceeding, which is scheduled to take place on July 27, 2021.   (*See* ECF No. 240.)

## CONCLUSION

For the reasons set forth above, Lesane's motion for reconsideration or, in the alternative, for a *Fatico* hearing, is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 241.

Dated:  New York, New York
        July 23, 2021

                                                        */s/ Kimba M. Wood*
                                                        KIMBA M. WOOD
                                                        United States District Judge