USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: August 19, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

STEVEN LESANE,

Petitioner-Defendant.

v.

UNITED STATES OF AMERICA,

Respondent.
-----------------------------------------------------X

18–CR–527-5 (KMW)
24–CV–6989 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner Steven Lesane moves to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. (Pet'r's Mot., ECF No. 302.) Lesane contends that his lawyer rendered constitutionally ineffective assistance by (1) failing to challenge the validity of his guilty plea, (2) failing to challenge the charging instrument based on pre-indictment delays; and (3) failing to challenge facts upon which the Court relied in sentencing him. (*Id.* at 3.) The Government opposes Lesane's motion. (Gov't Opp'n, ECF No. 313.) For the reasons stated below, Lesane's motion is DENIED.

## BACKGROUND

### I. Lesane's Criminal Conduct

The court assumes familiarity with the facts of this case, which are detailed in its previous orders denying Lesane's motion to withdraw his guilty plea and denying his motion for reconsideration. (Feb. 11, 2020 Op. and Order, ECF No. 186; July 23, 2021 Op. and Order, ECF No. 247.) As relevant here, Lesane conspired with others to traffic women and minor girls for commercial sex in and around the Bronx, New York. (Presentence Report ("PSR"), ECF No.

250, ¶¶ 12, 17.) Between 2009 and 2012, Lesane trafficked two minor victims.[1] (*Id.* ¶ 17.) In the summer of 2009, Lesane trafficked Victim-A, who was then approximately 14 years old; Victim-A lived with Lesane, was taken to a known prostitution location nightly, saw approximately three customers each night, and turned over her proceeds to Lesane, who occasionally punched and choked her. (*Id.* ¶ 18.) From 2011 to 2012, Lesane trafficked Victim-B, who was then approximately 17 years old; he advertised her for commercial sex acts online, directed her to meet customers at Bronx hotels and on "out calls," punched her with a closed fist, and on at least one occasion locked her in a room from which she had to escape. (*Id.* ¶ 19.)

## II. Lesane's Plea

On December 10, 2018, a grand jury returned Superseding Indictment S2 18-CR-527 (KMW), charging Lesane and four codefendants in seven counts; Lesane was charged with conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and sex trafficking in violation of 18 U.S.C. §§ 1591(a), (b)(1) and 2. (Superseding Indictment, ECF No. 38, ¶¶ 1-3, 12.)

On September 16, 2019, pursuant to a plea agreement, Lesane waived indictment and pleaded guilty before Magistrate Judge Ona T. Wang to a one-count Superseding Information charging sex trafficking of two minors from the summer of 2009 through 2012, in violation of 18 U.S.C. §§ 1591(a) and (b)(2). (09/16/2019 Minute Entry; Sentencing Submission, ECF No. 239, Ex. A.)

[1] The PSR refers to these victims as 7 and 8, respectively. The Government, however, refers to them as A and B in their opposition papers. For consistency in resolving this motion, the Court will adopt the Government's references of A to refer to Victim 7 and B to refer to Victim 8.

## III. Lesane's Motion to Withdraw Guilty Plea, District Court Decision, and Appeal

On December 12, 2019, Lesane moved to withdraw his plea. (ECF Nos. 166, 167.) He raised then many of the same arguments that he advances now. On February 11, 2020, this Court denied that motion. (Feb. 11, 2020 Op. and Order.)

On May 12, 2021, Lesane moved *pro se* for reconsideration, adding claims that his former lawyer had been ineffective. (ECF No. 237.) This Court denied that motion on July 23, 2021, finding that Lesane"ha[d] not made any showing that warrants reconsideration" and that none of the arguments that his prior lawyer provided ineffective assistance were persuasive. (July 23, 2021 Op. and Order, ECF No. 247, at 4.) This Court then sentenced Lesane on July 27, 2021, to 256 months' imprisonment. (J., ECF No. 251, at 1-2.)

On appeal, Lesane argued some of the points he raises in his current motion. Lesane argued before the Second Circuit that: (1) his plea lacked a factual basis to show an effect on interstate commerce; (2) the Superseding Information was defective; (3) a health condition undermined the voluntariness of his plea; (4) the Government would not suffer any prejudice from his withdrawing the plea; and (5) that the 256 month sentence was unreasonable. On February 8, 2023, the Second Circuit affirmed the denial of Lesane's motion for reconsideration and dismissed the appeal of his sentence. *United States v. Lesane*, No. 21-2057-CR, 2023 WL 1812878, at *3 (2d Cir. Feb. 8, 2023) (summary order). The Supreme Court of the United States denied certiorari on October 2, 2023. *Lesane v. United States*, 144 S. Ct. 228 (2023).

## IV. The Current Motion

On February 25, 2025, Lesane filed the instant amended motion under 28 U.S.C. § 2255. (ECF No. 302.) Lesane later executed an attorney-client privilege waiver, and his former lawyers

then submitted affidavits in response to Lesane's allegations. (ECF Nos. 306, 307, 310.) The Government opposes Lesane's motion. (ECF No. 313.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may move to "vacate, set aside, or correct [his] sentence" if he believes his "sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). A petitioner may raise an ineffective assistance of counsel claim in a Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. DeLaura*, 858 F.3d 738, 743-44 (2d Cir. 2017). Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To succeed on an ineffective assistance of counsel claim, a petitioner must show that: (1) his "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) he was "prejudiced" by his counsel's deficient performance. *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). When considering the first prong, courts "strongly presume [ ] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]" *Jackson v. Conway*, 763 F.3d 115, 152 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). With respect to the second prong, courts consider whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 153 (quoting *Strickland*, 466 U.S. at 694.)

Courts need not conduct the *Strickland* inquiry in a specific sequence. Rather, "[i]f the defendant does not successfully establish either the deficient performance prong or the prejudice prong, the entire claim fails, and the remaining, unaddressed step becomes moot." *United States v. Akintola*, No. 21-CR-472, 2024 WL 1555304, at *7 (S.D.N.Y. Apr. 10, 2024) (Failla, J.) (citing *Strickland*, 466 U.S. at 697).

Where, as here, petitioner's collateral challenge to his sentence is based on constitutional claims, the "so-called mandate rule bars re-litigation of issues already decided on direct appeal." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). Under the mandate rule, "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (quoting *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 788 (2d Cir. 1983)). Absent an intervening change in law or circumstance, the mandate rule bars Section 2255 petitioners from re-litigating matters expressly or impliedly "resolved by the appellate court's mandate." *Yick Man Mui*, 614 F.3d at 53. In addition, "ineffective assistance claims in a Section 2255 proceeding" are precluded "when the factual predicates of those claims, while not explicitly raised on appeal, were nonetheless impliedly rejected by the appellate court mandate." *Id.* at 53–54 (citing *United States v. Pitcher,* 559 F.3d 120, 124 (2d Cir. 2009)).

## DISCUSSION

### I. No Hearing is Required to Rule on Lesane's § 2255 Motion

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). This Court finds that, based on the parties' submissions and the available record, no

hearing is required. The available documents conclusively show that Lesane is not entitled to relief, as will be discussed more fully below.

Following Lesane's motion, Lesane executed a waiver of attorney-client privilege to obtain affidavits from his former lawyers regarding his claims. (Attorney-Client Privilege Waiver, ECF No. 306.) Lesane's former lawyers submitted affirmations that speak directly to his allegations. (Anders Aff., ECF No. 307; Gilbert Aff., ECF No. 310.) The record before the Court consists of the plea agreement, the plea and sentence transcripts, the PSR, the parties' sentencing submissions, and the mandate from the Second Circuit. These documents, together, are sufficient to dispose of Lesane's claims.

Because additional testimony would not clarify or meaningfully add to the record, the Court concludes that the parties' written submissions are sufficient to decide Lesane's motion, and that no hearing is required. This "avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government . . . that would have resulted from a full testimonial hearing." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

## II. Lesane's Ineffective Assistance of Counsel Claims Fail on the Merits

For the reasons discussed below, Lesane's motion is denied.

### A. Lesane's Lawyer Did Not Render Constitutionally Inadequate Representation by Failing to Raise Meritless Arguments in Seeking to Withdraw Lesane's Guilty Plea

Lesane argues that his lawyers provided inadequate representation in a number of respects, which he contends support withdrawal of his guilty plea. None of his arguments is persuasive.

#### 1. Both this Court and the Second Circuit Already Rejected the Factual Predicate for the Ex Post Facto Argument

Lesane first contends that his lawyer was ineffective by failing to argue that his convictions violated the Ex Post Facto Clause of Article I, §10 of the federal Constitution because the Superseding Information refers to language of 18 U.S.C. §1591(b)(2) that went into effect after the time of the charged conduct. (Pet'r's Mot., at 5-6.)

On direct appeal, however, the Second Circuit held that the Superseding Information satisfied the requirements that it 'contain[] the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and … enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' *Lesane*, 2023 WL 1812878, at *2 (quoting *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013)). Accordingly, the Second Circuit already rejected the factual predicate for Lesane's argument that the Superseding Information was defective because it cited the amended version of the statute, and concluded that the argument was "without merit." (*Id.*)

But even if Lesane's claim were not barred by the mandate rule, he still could not establish that his lawyer was ineffective for failing to raise this argument. To demonstrate a claim of ineffective assistance of counsel, Lesane is required to show a reasonable probability that, but for defense counsel's failing to raise the argument, the result of Lesane's motion to

withdraw his plea would have been different. Here, however, Lesane's lawyer did argue that the Superseding Indictment cited a version of the statute that covered a broader array of conduct than the version that was in effect at the time of the charged conduct, and this Court rejected it. (Mem. in Supp. of Mot. to Withdraw Guilty Plea, ECF No. 167, at 5-6; Feb 11, 2020 Op. and Order, at 6-7.)

**2. Lesane's Plea Was Knowing and Voluntary**

Lesane next asserts that his lawyer was ineffective in failing to argue that his guilty plea was not knowing and voluntary because Lesane did not understand the elements of the offense. More specifically, Lesane contends that he did not sufficiently understand the elements of the offense to which he was pleading because: (1) the Superseding Information cited the amended language of 18 U.S.C. § 1591(b)(2); and (2) the counts were duplicitous. (Pet'r's Mot., at 7-21.) Because neither of the arguments raised by Lesane has any merit, his failure to "understand" these "elements" does not support withdrawal of his guilty plea.

On appeal, the Second Circuit rejected Lesane's argument that his plea was not knowing and voluntary. By relying on Lesane's representations during his plea hearing, the Second Circuit held that Lesane's lawyer's allegedly deficient legal advice did not raise "significant questions concerning the voluntariness or general validity of his plea." *Lesane*, 2023 WL 1812878, at *2-3 (quoting *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008)) (internal quotation marks omitted). This Court sees no reason to depart from that finding here.

Additionally, the Second Circuit already rejected the factual predicate for this complaint—that the Superseding Information fatally cited the amended version of 18 U.S.C. § 1591(b)(2). Lesane's restyled versions of this argument, therefore, are foreclosed. Accordingly,

because the Second Circuit already rejected the argument that Lesane's plea was not knowing and voluntary, the mandate rule bars relitigating the issue here.

**3. Interstate Commerce Element**

Lesane next argues that his lawyer provided ineffective assistance by failing to challenge the contention that the interstate commerce element of 18 U.S.C. § 1591 (b)(2) was satisfied. Lesane is wrong; his lawyer did raise this argument in the District Court, and this Court held that the argument was meritless. (Mem. in Supp. of Mot. to Withdraw Guilty Plea, at 6-7; Feb 11, 2020 Op. and Order, at 7-8.) As stated in Lesane's Presentence Report, he advertised one of his victims for commercial sex services online. (PSR, ¶ 19). The Second Circuit also rejected Lesane's argument on appeal. *Lesane*, 2023 WL 1812878, at *1. This argument, therefore, does not support Lesane's claim of ineffective assistance of counsel.

**4. Pre-Indictment Delay**

Lesane argues that his lawyer provided ineffective assistance by failing to argue that the Government improperly delayed bringing charges against him until 2018 for conduct that occurred between 2009 and 2012. (Pet'r's Mot., at 23-30.) Because Lesane fails to demonstrate an impermissible delay, actual prejudice, or that any alleged delay was intentional so as to gain a tactical advantage, his claim fails.

To prevail on a claim of unconstitutional pre-indictment delay, a petitioner must show "that he suffered actual prejudice as the result of the delay and that the delay was an intentional device to gain a tactical advantage." *Denis v. Upstate Corr. Facility*, 361 F.3d 759, 760 (2d Cir. 2004) (internal citation omitted). Actual prejudice means that the petitioner suffered such a deprivation so as to impair his right to a fair trial, commonly demonstrated by showing "the loss

of documentary evidence or the unavailability of a key witness." *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999).

Lesane has failed to show any prejudice from the purported pre-indictment delay. Beyond merely gesturing at the potential to lose some unidentified witness, Lesane has failed to point to any specific disadvantage he suffered as a consequence of the charges having been brought when they were. Because Lesane cannot identify any prejudice, his lawyers' failure to raise this argument does not constitute ineffective assistance.

### B. Lesane's Lawyers Did Not Render Constitutionally Inadequate Representation by Stipulating Facts and Enhancements for Sentencing

Finally, Lesane argues that his lawyer provided ineffective assistance in connection with his sentencing. He argues that his lawyer: (1) failed to object to the "undue influence" enhancement; and (2) failed to object to the use of a computer enhancement. (Pet'r's Mot., at 30-45.)

Lesane has already raised these objections in his motion for reconsideration, and this Court rejected them. (Mot. For Reconsideration, ECF No. 237, at 29, 35-59; July 23, 2021 Op. & Order, at 6-7.) These arguments, therefore, do not support Lesane's claim of ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, Lesane's motion is DENIED. Because Lesane has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus that Lesane

may not proceed in *forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is respectfully directed to close the motions at ECF No. 302 in case number 18-CR-527-5, and to mail a copy of this Opinion and Order to Lesane.

SO ORDERED.

Dated: New York, New York
August 19, 2026

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge